

**FILED**
**May 30, 2019**
**11:39 AM(ET)**
**TENNESSEE COURT OF**
**WORKERS' COMPENSATION**
**CLAIMS**



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
## IN THE COURT OF WORKERS' COMPENSATION CLAIMS
## AT KNOXVILLE

| | | |
|---|---|---|
| **BENJAMIN SEEBECK,** | ) | **Docket No.: 2018-03-0982** |
| Employee, | ) | |
| **v.** | ) | |
| **PROFESSIONAL PERSONNEL** | ) | |
| **SERVICES,** | ) | **State File No.: 54019-2018** |
| Employer, | ) | |
| **And** | ) | |
| **NORTH RIVER INSURANCE** | ) | |
| **COMPANY,** | ) | **Judge Lisa A. Lowe** |
| Carrier. | ) | |

---

## EXPEDITED HEARING ORDER DENYING BENEFITS

---

This case came before the Court on May 21, 2019, on Mr. Seebeck's Request for Expedited Hearing. Mr. Seebeck sustained a compensable work-related injury on July 11, 2018, and received authorized treatment from Dr. David Luck. The sole issue is whether Mr. Seebeck is entitled to temporary partial disability (TPD) benefits from July 27 to the present. For the reasons below, the Court holds Mr. Seebeck failed to establish he would likely prevail at a hearing on the merits regarding this request and denies it at this time.

### History of Claim

Dr. Luck placed Mr. Seebeck under light-duty restrictions on July 13, 2018. Professional Personnel Services (PPS) offered light-duty work in its office, and Mr. Seebeck performed that work from July 19 through July 27. The dispute is whether PPS fired Mr. Seebeck or he voluntarily abandoned his job.

Mr. Seebeck did not appear for the Expedited Hearing. His attorney requested a continuance, but PPS's attorney, objected since it had witnesses present from Sevierville to testify. The Court denied the continuance.

1

In Mr. Seebeck's affidavit, he testified that on July 27, he went to the emergency room due to severe back pain. Later, when he spoke with his branch manager Kim Simpson, he was told not to come back to work because they no longer needed his services.

In contrast, Kim Simpson testified that on July 20, she observed Mr. Seebeck (via camera) chewing tobacco and spitting in a cup, and using his cell phone. She said PPS has rules prohibiting these activities, so she asked Business Development Manager Cody Simpson to tell Mr. Seebeck that he could use tobacco and his phone only during breaks. Ms. Simpson stated she would regularly see Mr. Seebeck using his phone when he was working, and when she gave him verbal warnings, he said, "talk to my lawyer."

On July 27, Ms. Simpson had Mr. Seebeck working at a desk "highlighting." When he complained that his back was bothering him, she moved him to "folding" in a comfortable chair. Then, she noticed he was texting and had his head down. When she confronted him, he said he was tired, and she offered him an early break. After the break, Ms. Simpson again saw Mr. Seebeck using his phone, so she contacted her supervisor and then issued a written warning.

While discussing the warning, Mr. Seebeck said Ms. Simpson was discriminating against him because he had a work injury. He refused to sign the warning. He told her to go ahead and fire him and that he was going to the emergency room. Ms. Simpson said she told Mr. Seebeck that she was not firing him and that he should go see Dr. Luck instead of going to the emergency room. At approximately 1:30 p.m., Mr. Seebeck called Ms. Simpson, and she put the call on speakerphone so Cody Simpson could hear the conversation. Mr. Seebeck said that his attorney will send her paperwork since she fired him. When she told him she had not fired him, he hung up on her.

Cody Simpson verified that, on July 20, Ms. Simpson asked him to tell Mr. Seebeck not to use tobacco or his phone. This angered Mr. Seebeck. Mr. Simpson further testified he heard the July 27 phone conversation between Ms. Simpson and Mr. Seebeck. He confirmed that Mr. Seebeck said that Ms. Simpson fired him and that Ms. Simpson said he was not fired. Mr. Seebeck then said Ms. Simpson was lying and hung up.

**Findings of Fact and Conclusions of Law**

Mr. Seebeck must present sufficient evidence to prove he is likely to prevail at a hearing on the merits. *McCord v. Advantage Human Resourcing*, 2015 TN Wrk. Comp. App. Bd. LEXIS 6, at *7-8, 9 (Mar. 27, 2015).

As the name implies, an injured worker is entitled to TPD benefits, when the temporary disability is not total. *See* Tenn. Code Ann. § 50-6-207(1)-(2). Specifically,

2

"[TPD] refers to the time, if any, during which the injured employee is able to resume some gainful employment but has not reached maximum recovery." *Frye v. Vincent Printing Co.,* 2016 TN Wrk. Comp. App. Bd. LEXIS 34, at *15-16 (Aug. 2, 2016.)

Mr. Seebeck claimed PPS fired him while he was under restrictions. Although an employee has a work-related injury for which temporary benefits are payable, an employer remains entitled to enforce workplace rules. *Barrett v. Lithko Contracting, Inc.,* 2016 TN Wrk. Comp. App. Bd. LEXIS 70, at *9 (June 17, 2016). Thus, an employee's termination due to a violation of a workplace rule may relieve the employer of its obligation to pay temporary disability benefits if the termination was related to the workplace violation. *Shepherd v. Haren Constr. Co., Inc.,* 2016 TN Wrk. Comp. App. Bd. LEXIS 15, at *14 (Mar. 30, 2016).

Here, the above analysis does not apply because the Court finds Mr. Seebeck failed to establish that PPS fired him. Without a discharge, Mr. Seebeck cannot sustain a claim for TPD benefits. The Court finds he abandoned his job. Therefore, the Court holds Mr. Seebeck has not come forward with sufficient evidence to prove he is likely to prevail at a hearing on the merits regarding entitlement to TPD benefits.

**IT IS, THEREFORE, ORDERED** as follows:

1. Mr. Seebeck's claim against Professional Personnel Services and its workers' compensation carrier for temporary partial disability benefits is denied at this time.

2. This case is set for a **Scheduling Hearing on September 12, 2019, at 3:00 p.m. Eastern Time.** The parties must call 865-594-0109 or 855-383-0003 toll-free to participate in the Scheduling Hearing. Failure to appear by telephone may result in a determination of the issues without the party's participation.

**ENTERED on May 30, 2019.**

**LISA A. LOWE, JUDGE**
**Court of Workers' Compensation Claims**

# APPENDIX

<u>Exhibits:</u>
1. Affidavit of Benjamin Seebeck
2. Affidavit of Kim Simpson
3. First Report of Work Injury
4. Wage Statement, Form C-41
5. Medical Records of Well Key Urgent Care and Dr. Patrick Bolt

<u>Technical Record:</u>
1. Petition for Benefit Determination
2. Objection to Dispute Certification Notice
3. Dispute Certification Notice
4. Show Cause Order
5. Notice of Show Cause
6. Request for Expedited Hearing
7. Notice of Expedited Hearing
8. Order Granting Extension
9. Notice of Expedited Hearing
10. Motion to Compel Answers to Interrogatories and to sign Authorization and Release
11. Proposed Order on Motion to Compel
12. Brief in Opposition to Employee's Request for Expedited Hearing Benefits
13. Employer's Witness List

## CERTIFICATE OF SERVICE

I certify that a copy of this Expedited Hearing Order was sent to the following recipients as indicated below on May 30, 2019.

| Name | Mail | Fax | Email | Service sent to: |
|---|---|---|---|---|
| Wilson C. von Kessler, II, Employee's Attorney | | | X | wvonkessler@markelfirm.com |
| Mary Beth Maddox, Employer's Attorney | | | X | mmaddox@fmsllp.com |

**PENNY SHRUM, Court Clerk**
WC.CourtClerk@tn.gov

4



# EXPEDITED HEARING NOTICE OF APPEAL

Tennessee Division of Workers' Compensation
www.tn.gov/labor-wfd/wcomp.shtml
wc.courtclerk@tn.gov
1-800-332-2667

Docket #: _____

State File #/YR: _____

_____

**Employee**

v.

_____

**Employer**

## Notice

Notice is given that _____

[List name(s) of all appealing party(ies) on separate sheet if necessary]

appeals the order(s) of the Court of Workers' Compensation Claims at _____

_____ to the Workers' Compensation Appeals

Board. [List the date(s) the order(s) was filed in the court clerk's office]

Judge_____

## Statement of the Issues

Provide a short and plain statement of the issues on appeal or basis for relief on appeal:

_____

_____

_____

## Additional Information

**Type of Case** [Check the most appropriate item]

☐ Temporary disability benefits
☐ Medical benefits for current injury
☐ Medical benefits under prior order issued by the Court

## List of Parties

**Appellant (Requesting Party):**_____ At Hearing: ☐Employer ☐Employee

Address:_____

Party's Phone:_____ Email:_____

Attorney's Name:_____ BPR#: _____

Attorney's Address:_____ Phone: _____

Attorney's City, State & Zip code:_____

Attorney's Email:_____

*\* Attach an additional sheet for each additional Appellant \**

Employee Name: _____  SF#: _____  DOI: _____

## Appellee(s)

**Appellee (Opposing Party):**_____ At Hearing: ☐Employer ☐Employee

Appellee's Address:_____

Appellee's Phone:_____Email:_____

Attorney's Name:_____ BPR#: _____

Attorney's Address:_____ Phone: _____

Attorney's City, State & Zip code: _____

Attorney's Email:_____

*** Attach an additional sheet for each additional Appellee ***

## CERTIFICATE OF SERVICE

I,_____, certify that I have forwarded a true and exact copy of this
Expedited Hearing Notice of Appeal by First Class, United States Mail, postage prepaid, to all parties
and/or their attorneys in this case in accordance with Rule 0800-02-22.01(2) of the Tennessee Rules
of Board of Workers' Compensation Appeals on this the_____day of_____, 20___

[Signature of appellant or attorney for appellant]    _____



**Tennessee Bureau of Workers' Compensation**
**220 French Landing Drive, I-B**
**Nashville, TN 37243-1002**
**800-332-2667**

### AFFIDAVIT OF INDIGENCY

I, _____, having been duly sworn according to law, make oath that because of my poverty, I am unable to bear the costs of this appeal and request that the filing fee to appeal be waived. The following facts support my poverty.

1. Full Name:_____    2. Address: _____

3. Telephone Number: _____    4. Date of Birth: _____

5. Names and Ages of All Dependents:

_____ Relationship: _____

_____ Relationship: _____

_____ Relationship: _____

_____ Relationship: _____

6. I am employed by: _____

My employer's address is: _____

My employer's phone number is: _____

7. My present monthly household income, after federal income and social security taxes are deducted, is:

$ _____

8. I receive or expect to receive money from the following sources:

| | | | |
|---|---|---|---|
| AFDC | $ _____ | per month | beginning _____ |
| SSI | $ _____ | per month | beginning _____ |
| Retirement | $ _____ | per month | beginning _____ |
| Disability | $ _____ | per month | beginning _____ |
| Unemployment | $ _____ | per month | beginning _____ |
| Worker's Comp. | $ _____ | per month | beginning _____ |
| Other | $ _____ | per month | beginning _____ |

9. My expenses are:

Rent/House Payment $ _____ per month     Medical/Dental $ _____ per month

| | | |
|---|---|---|
| Groceries | $ _____ per month | Telephone $ _____ per month |
| Electricity | $ _____ per month | School Supplies $ _____ per month |
| Water | $ _____ per month | Clothing $ _____ per month |
| Gas | $ _____ per month | Child Care $ _____ per month |
| Transportation | $ _____ per month | Child Support $ _____ per month |
| Car | $_____ per month | |
| Other | $ _____ per month (describe: _____ ) | |

10. Assets:

Automobile      $ _____     (FMV) _____

Checking/Savings Acct. $ _____

House      $ _____     (FMV) _____

Other      $ _____     Describe:_____

11. My debts are:

Amount Owed            To Whom

_____      _____

_____      _____

_____      _____

_____      _____

**I hereby declare under the penalty of perjury that the foregoing answers are true, correct, and complete and that I am financially unable to pay the costs of this appeal.**

_____

APPELLANT

Sworn and subscribed before me, a notary public, this

_____ day of _____, 20_____.

_____

NOTARY PUBLIC

My Commission Expires:_____



<u>Expedited Hearing Order Right to Appeal</u>:

If you disagree with this Expedited Hearing Order, you may appeal to the Workers' Compensation Appeals Board. To appeal an expedited hearing order, you must:

1. Complete the enclosed form entitled: "Expedited Hearing Notice of Appeal," and file the form with the Clerk of the Court of Workers' Compensation Claims *within seven business days* of the date the expedited hearing order was filed. When filing the Notice of Appeal, you must serve a copy upon all parties.

2. You must pay, via check, money order, or credit card, a **$75.00 filing fee** *within ten calendar days* after filing of the Notice of Appeal. Payments can be made in-person at any Bureau office or by U.S. mail, hand-delivery, or other delivery service. In the alternative, you may file an Affidavit of Indigency (form available on the Bureau's website or any Bureau office) seeking a waiver of the fee. You must file the fully-completed Affidavit of Indigency *within ten calendar days* of filing the Notice of Appeal. **Failure to timely pay the filing fee or file the Affidavit of Indigency will result in dismissal of the appeal.**

3. You bear the responsibility of ensuring a complete record on appeal. You may request from the court clerk the audio recording of the hearing for a $25.00 fee. If a transcript of the proceedings is to be filed, a licensed court reporter must prepare the transcript and file it with the court clerk *within ten business days* of the filing the Notice of Appeal. Alternatively, you may file a statement of the evidence prepared jointly by both parties *within ten business days* of the filing of the Notice of Appeal. The statement of the evidence must convey a complete and accurate account of the hearing. The Workers' Compensation Judge must approve the statement before the record is submitted to the Appeals Board. If the Appeals Board is called upon to review testimony or other proof concerning factual matters, the absence of a transcript or statement of the evidence can be a significant obstacle to meaningful appellate review.

4. If you wish to file a position statement, you must file it with the court clerk within *ten business days* after the deadline to file a transcript or statement of the evidence. The party opposing the appeal may file a response with the court clerk *within ten business days* after you file your position statement. All position statements should include: (1) a statement summarizing the facts of the case from the evidence admitted during the expedited hearing; (2) a statement summarizing the disposition of the case as a result of the expedited hearing; (3) a statement of the issue(s) presented for review; and (4) an argument, citing appropriate statutes, case law, or other authority.

*For self-represented litigants: Help from an Ombudsman is available at 800-332-2667.*